IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PURDUE PHARMA L.P., PURDUE
PHARMACEUTICALS, L.P., THE P.F.
LABORATORIES, INC., and RHODES
TECHNOLOGIES,

                Plaintiffs;

v.

MYLAN PHARMACEUTICALS INC. and
MYLAN, INC.,

                Defendants.

Civil Action No. 15-1155-RGA-SRF

## MEMORANDUM ORDER

The Magistrate Judge issued a Report and Recommendation dated March 1, 2017. (D.I. 67). Defendants filed objections (D.I. 68), to which Plaintiffs responded. (D.I. 71). My review of these objections is *de novo*. Fed. R. Civ. P. 72(b)(3). For the reasons given below, I will adopt the Magistrate Judge's Report and Recommendation and **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss for Failure to State a Claim (D.I. 23) is **DENIED**.

The Magistrate Judge recommended that Defendant's Motion to Dismiss for Failure to State a Claim (D.I. 23) be denied. (D.I. 67 at 1). The Magistrate Judge concluded that "defendants have failed to establish that the invalid claims of the previously-litigated low-ABUK patents are sufficiently identical to the disputed claims of the '933 patent." (*Id.* at 9). Specifically, the Magistrate Judge found: 1) the 8α limitation in claims 1 and 16 is not required by the claims invalidated in the previous litigation (*Id.* at 10); 2) the 95% limitation in claims 1 and 16 is not required by the claims invalidated in the previous litigation (*Id.* at 17-18); 3) the 5 ppm limitation of claim 16 is not required by the claims invalidated in the previous litigation (*Id.*

at 18-19); and 4) claim 10 is a process claim which requires removing 8α from the oxycodone base and process limitations were not considered in the previous litigation. (*Id.* at 19). The Magistrate Judge concluded that whether any of these limitations render these claims patentably distinct from the previously adjudicated claims is a question of fact not appropriately resolved on a motion to dismiss. (*Id.* at 9).

Defendants first argue the Magistrate Judge improperly compared the adjudicated claims to those of the '933 patent rather than examining whether the invalidity issues in each action are substantially identical. (D.I. 68 at 7). Defendants next argue the 8α limitation cannot render the '933 claims patentably distinct because the scope of the invention claimed in the '933 patent is the same as that claimed in the previously invalidated patents. (*Id.* at 7-8). Defendants also contend the Magistrate Judge erred in concluding there is a question of fact remaining as to the 95% and 5 ppm limitations and as to process claim 10. (*Id.* at 8).

Plaintiffs respond by arguing the Magistrate Judge performed the correct analysis. (D.I. 71 at 5). Plaintiffs also contend Defendants assume facts Plaintiffs assert are unsupported or incorrect. (*Id.*). According to Plaintiffs, Defendants cannot meet the clear and convincing standard for invalidity based on the facts in the record at this time. (*Id.* at 7).

As an initial matter, I agree with Defendants that the correct standard for whether collateral estoppel applies in a patent case is not whether the claims are substantially identical, but "whether the issue of invalidity common to each action is substantially identical." *Westwood Chemical, Inc. v. United States*, 207 Ct. Cl. 791, 801 (1975). I do not agree, however, that the Magistrate Judge erred in her analysis.

The Magistrate Judge performed a thorough analysis of each claim limitation and considered whether those limitations were relevant to the validity issues litigated and determined

2

in the previous cases. For example, the Magistrate Judge correctly noted that the Federal Circuit concluded the "derived from 8α" limitation in the previously litigated claim was not relevant in determining whether that claim was obvious because the claim was a product-by-process claim. (D.I. 67 at 11). The Magistrate Judge then noted that the claims at issue in the instant case are not product-by-process claims; rather, they are product claims that include a limitation that the product include 8α. (*Id.* at 12). Whether this limitation is sufficient to render the claims patentably distinct from the previously litigated claims is an issue of fact that cannot be decided on the record at this time. (*Id.*).

The Magistrate Judge considered each of Defendants' arguments, thoroughly addressing why each argument fails, and I can find no flaws in her reasoning. Defendants have not persuaded me that her recommendation should not be adopted.

For the reasons set forth above, I will adopt the Report and Recommendation. Defendant's Motion to Dismiss is denied.

Entered this 13 day of June, 2017.

Richard G. Andrews
United States District Judge